UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUELYN MAGNON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9622** |
| **LEXINGTON INSURANCE COMPANY, POWELL INSURANCE AGENCY, INC. and XYZ INSURANCE AGENCY** | **SECTION B(5)** |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion To Remand and Request for Attorney's Fees and Costs (Rec. Doc. No. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and the Request for Attorney's Fees and Costs is **DENIED.**

Plaintiff contends removal was procedurally defective as Powell Insurance Agency ("Powell") failed to obtain consent from co-defendant, Lexington Insurance Company ("Lexington") as required by the "rule of unanimity." Absent exceptional circumstances, all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the thirty-day removal period as set forth in 28 U.S.C. § 1446. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 161-62 (5th Cir. 1998). In addition, although a defendant may amend a defective notice of removal under certain circumstances after the expiration of the thirty-day period, defects in the procedural requirements for removal cannot be cured by amendment of the removal petition outside this time period. *Wormley v. S. Pac. Transp. Co.,* 863 F.Supp. 382, 385 (E.D. Tex. 1994).

Despite Powell's contentions, Lexington did not consent to removal in the first Notice of

Removal filed by Powell. (Rec. Doc. No. 1). Lexington's consent is only contained in the Amended Notice of Removal. (Rec. Doc. No. 2 at ¶ 9). However, the amended notice was filed on November 7, 2006, one day beyond the thirty-day period. Therefore, procedural defects, such as the lack of Lexington's consent contained in the first Notice of Removal, were not cured by the amendment. Thus, removal was improper.

Plaintiff also asserts that Defendant's removal lacked an objectively reasonable basis and, therefore, move the Court to award attorneys fees and just costs. 28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees. *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 709 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711. Defendant's arguments are objectively reasonable. Accordingly,

**IT IS ORDERED THAT** Plaintiff's Motion to Remand is **GRANTED** and the Motion for Attorney's Fees and Costs is **DENIED.**

New Orleans, Louisiana this 10th day of April, 2007.

UNITED STATES DISTRICT JUDGE